```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against –

ROMAN DEGTEV,

    Defendant.

- - - - - - - - - - - - - - - - - X

NOTICE OF INTENT TO
REQUEST JUDICIAL REMOVAL

Criminal Docket No. 18 Cr. 509 (GBD)

NOTICE IS HEREBY GIVEN TO ROMAN DEGTEV ("the defendant") and to his attorney of record herein, Elizabeth E. Macedonio, Esq., that upon conviction of the defendant for Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349; Wire Fraud, in violation of Title 18, United States Code, Section 1343; and Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:   New York, New York
          June 19, 2020

                                        Audrey Strauss
                                        Acting United States Attorney
                                        Southern District of New York

                 By:   _____
                          Emily Johnson
                          Matthew Hellman
                          Daniel Nessim
                          Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

UNITED STATES OF AMERICA

- against –

ROMAN DEGTEV,

Defendant.

FACTUAL ALLEGATIONS
IN SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 18 Cr. 509 (GBD)

------------------X

NOTICE IS HEREBY GIVEN TO ROMAN DEGTEV ("the defendant") and to his attorney of record herein, Elizabeth E. Macedonio, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Russia.

3. The defendant was admitted to the United States at or near JFK International Airport, NY on or about September 17, 2014 as a temporary non-immigrant for pleasure with authorization to remain in the United States until March 16, 2015.

4. On or about March 14, 2015, the defendant submitted a Form I-539 application to extend/change non-immigrant status with the United States Citizenship and Immigration Services. On or about November 2, 2015, the defendant's application was denied and the Department of State subsequently revoked his non-immigrant visa.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Wire Fraud, in violation of Title 18,

1

United States Code, Section 1349; Wire Fraud, in violation of Title 18, United States Code, Section 1343; and Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h).

6. Each of the three above-mentioned offenses carries a maximum term of twenty (20) years' imprisonment, totaling a maximum term of sixty (60) years' imprisonment.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act of 1952, as amended ("INA" or the "Act"), 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted, and Section 237(a)(2)(A)(i) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Russia.

Dated: New York, New York
June 19, 2020

By: _____
Audrey Strauss
Acting United States Attorney
Southern District of New York

Emily Johnson
Matthew Hellman
Daniel Nessim
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against –

ROMAN DEGTEV,

              Defendant.

DEFENDANT'S PLEA STATEMENT IN
SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 18 Cr. 509 (GBD)

- - - - - - - - - - - - - - - - - X

ROMAN DEGTEV, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is ROMAN DEGTEV.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, June 19, 2020. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA" or the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated June 19, 2020. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Elizabeth E. Macedonio, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly

1

and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States under Section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted, and Section 237(a)(2)(A)(i) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of

2

the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Russia, and have no present fear of persecution in Russia, the country of my citizenship. I further acknowledge that I have not been tortured in Russia and have no present fear of torture in Russia, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any

country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Russia, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

| Date | Defendant's Signature |
|---|---|
| 7/2/2020 | |
| Date | Attorney for the Defendant |

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against – | |
| ROMAN DEGTEV, | Criminal Docket No. 18 Cr. 509 (GBD) |
| Defendant. | |

------------------X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

New York, New York

Dated  JUN 2 9 2020

_____
WILLIAM P. JOYCE
Deputy Field Office Director
United States Immigration and Customs Enforcement
For
THOMAS DECKER
Field Office Director
United States Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF JUDICIAL REMOVAL |
| - against - | Criminal Docket No. 18 Cr. 509 (GBD) |
| ROMAN DEGTEV, | |
| Defendant. | |

------------------X

Upon the application of the United States of America, by Emily Johnson, Matthew Hellman, and Daniel Nessim, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of ROMAN DEGTEV (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Russia.

3. The defendant was admitted to the United States at or near JFK International Airport, NY on or about September 17, 2014 as a temporary non-immigrant for pleasure with authorization to remain in the United States until March 16, 2015.

4. On or about March 14, 2015, the defendant submitted a Form I-539 application to extend/change non-immigrant status with the United States Citizenship and Immigration Services. On or about November 2, 2015, the defendant's application was denied, and the Department of State subsequently revoked his non-immigrant visa.

1

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349; Wire Fraud, in violation of Title 18, United States Code, Section 1343; and Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h).

6. Each of the three above-mentioned offenses carries a maximum term of twenty (20) years' imprisonment, totaling a maximum term of sixty (60) years' imprisonment.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act of 1952, as amended ("INA" or the "Act"), 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted, and Section 237(a)(2)(A)(i) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed.

8. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

10. The defendant has designated Russia as the country for removal pursuant to Section 240(d) of the INA, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Russia.

Dated: New York, New York

**[JUL 0 7 2020** 2020

HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE